## James Ryan v. City of Chicago.

### Gen. No. 12,218.

1. Arrest—*when unlawful.* The arrest without warrant of a person who has found an article of personal property because of his refusal at the demand of a police officer to turn the same over to a person claiming to own the same without satisfactory identification, is unlawful.

2. Resisting officer—*what not.* A citizen whom an officer seeks illegally to arrest without warrant is entitled to repel the assault and may use such force as is necessary to ward off the illegal arrest, and cannot by so doing be held guilty of resisting an officer.

Criminal prosecution for resisting an officer. Appeal from the Criminal Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed January 4, 1906.

**Statement by the Court.** September 16, 1905, appellant, for thirteen years a street car conductor in the city of Chicago, ran his car east on Van Buren street to the eastern terminus of that line. When the car stopped and the passengers had left it, appellant, preparatory to his return trip, put down the west fender and then stepped to the side of the car to adjust the running board, when he saw a small hand-bag lying on the floor of the car. Under the rules of the company it was his duty to carry all articles left in his car to the office of the car barn, there to be identified and repossessed by the owner. As he picked up the bag appellant held it up to the view of a teamster who had stopped his wagon near by. He then thrust it part way into his pocket and went upon a necessary errand into an alley which opened on the place where the car stood. As he was coming back he was met by officer Trocky and Mrs. Copeland, who had lost her hand-bag. The officer accused appellant of having it. Appellant admitted that he had a bag, but that he did not know to whom it belonged; and added that she would have to identify it or else go to the barn to get it. He then

Ryan v. City of Chicago.

showed them the bag. Mrs. Copeland claimed that a handkerchief which was sticking out of the bag was her property. The evidence as to further identification is conflicting. Appellant was not satisfied with the identification, and went on to the side of his car. The officer then demanded that appellant surrender the bag to Mrs. Copeland, saying, "That is all right, I know this lady." Appellant replied, "That don't make any difference, I don't know her and I don't know you, and I can't give it to you." Thereupon the officer, without warrant or other process, arrested appellant and took him to the police station.

The charge made against appellant was that of resisting an officer. Upon the hearing before the police magistrate appellant was fined $5 and costs. He appealed to the Criminal Court, where the cause was submitted to the court for trial. The presiding judge found appellant guilty and entered against him a fine of $50 and costs. From the judgment entered on that finding appellant brings the case to this court.

SYMMES & KIRKLAND, for appellant; JOHN A. ROSE, of counsel.

HOWARD S. TAYLOR and JAMES DONAHOE, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

It was the duty of appellant to take possession of the hand-bag left in his car and to carry it to the office of the company, there to be returned to the owner upon identification. Being lawfully in the possession of the bag, his right to its custody was not lost, by his going into the alley, whether such going was upon a necessary errand or not.

It is true that if the owner of the bag came to him and described its contents to his satisfaction, he might give it to her, thus saving her a trip to the office of the company. But appellant was the judge as to the sufficiency of such identification, and an error in that regard upon his part would not render his possession unlawful.

The police officer was vested with no judicial power. He

had no right to enter a judgment upon the facts as he understood them. The finding did not occur in his presence. All that he knew about it was hearsay. That information was that the bag had been left in the car and had been found and taken possession of by the conductor of the car, whose duty it was to take it to the office of the company in order that it might be returned to the owner. No written charges were filed against appellant, nor had any warrant been issued for his arrest. And yet the officer, without reasonable ground to believe that a felony had been committed, judicially decided that appellant was guilty of a crime, and arrested him. This he had no right to do. Under the circumstances the act of the officer in laying his hands upon appellant was unwarranted and unlawful. The liberty of the citizen cannot be thus lightly disregarded. The arrest being unlawful, appellant had a right to meet force with force, if in so doing he used such force only as was reasonably necessary to repel the assault upon his person. Wentworth v. The People, 4 Scam., 551.

The only evidence to sustain the charge of "resisting an officer" is that of the policeman. He testified that when he took hold of appellant "he did not want to come, and he said 'You have no right to arrest me.' I arrested him in the alley. He wanted to pull away always until he got to the car, and I would not let him." At another time the officer says, "He wanted to get on the car and I caught hold of his coat and pulled him over." Q. "Did he strike you?" A. "No, sir, he tried to pull back and get on his car."

Five eye-witnesses, three of them disinterested, directly contradict the officer in this regard. Each and all of them testify that appellant did not pull back or in any manner resist the officer. Admitting for the moment that the arrest was lawful, the evidence strongly preponderates against the truth of the charge.

For the reasons given the judgment of the Criminal Court is reversed.

*Reversed.*